IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **BRENDA-JOYCE SIMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-1216-STA-jay |
| | ) | |
| **AT&T MOBILITY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT**

Before the Court is the United States Magistrate Judge's Report and Recommendation, recommending that Plaintiff's claims be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted filed on November 7, 2023. (ECF No. 7.) Because Plaintiff was permitted to proceed as a pauper, the Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. When a magistrate judge issues a Report and Recommendation regarding a dispositive matter, the district court must review *de novo* any portion of the Report to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the proposed findings or

recommendations to which an objection is made. Objections must be specific; a general objection is not sufficient and may result in waiver of further review.  *See Downs v. McDonough*, 2022 WL 411845, at *1 (M.D. Tenn. Feb. 9, 2022) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Here, Plaintiff has failed to file any objections to the Magistrate Judge's Report within the fourteen-day requisite time.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Having reviewed the Magistrate Judge's Report and Recommendation and the entire record and finding no clear error, the Court **ADOPTS** the Report in its entirety, and this action is hereby **DISMISSED**.  Plaintiff's motion (ECF No. 8) is **DENIED** as moot.  The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  November 28, 2023